UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOWARD COHAN,**

      **Plaintiff,**

v.                                           Case No. 6:21-cv-1801-ACC-GJK

**CAPE CANAVERAL FOODS
GROUP LLC, d/b/a
MCDONALD'S #17816**

      **Defendant.**

## ORDER

This Cause is before the Court on Plaintiff Howard Cohan's Motion for Entry of Final Default Judgment. (Doc 12). Defendant Cape Canaveral Food Groups LLC, d/b/a McDonald's #17816 failed to file a Response; thus, the Motion is ripe for review.

### I.   BACKGROUND

Howard Cohan suffers various disabilities under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181. (Doc. 1 ¶ 7). On July 22, 2021, Cohan visited Defendant's premises. (*Id.* ¶¶ 3–4). He alleges that Defendant's restrooms violate the ADA. (*Id.* ¶ 24). As a result, Cohan filed suit. (Doc. 1). Shortly thereafter, Cohan attempted to serve process on Defendant. (Doc. 8). According to the Return of Service, the process server left the summons and complaint with Maryann Broome—an office manager employed by Defendant—"after confirming the

Registered Agent was not present and not in compliance with the requirements of Fla. Stat. 48.091." (*Id.*). Defendant did not appear or defend against the Complaint. Therefore, a Clerk's Default was entered on April 7, 2022. (Doc. 11). Cohan now moves for Final Default Judgment. (Doc. 12).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a defendant fails to appear or otherwise defend against an action, and that failure it shown by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). After obtaining the clerk's default, the plaintiff must then move for default judgment. Fed. R. Civ. P. 55(b).

The court will not grant default judgment unless the allegations in the complaint present a "sufficient basis" for finding liability. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A sufficient basis exists when the complaint's well-pled factual allegations state a plausible claim for relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Threadbare recitals of the elements of a cause of action do not suffice, and a court is not required to accept legal conclusions as true. *Centennial Bank v. Vazquez*, No. 6:20-CV-2237-ACC-EJK, 2021 WL 2815223, at *2 (M.D. Fla. May 5, 2021)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

(stating that a defendant, by his default, admits the well-pleaded factual allegations in the complaint, but not the legal conclusions). However, a claim has facial plausibility when the facts pled allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007)).

### III.   DISCUSSION

Before entering default judgment, the court must ensure that it has personal jurisdiction over the defendant. *See Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805–06 (11th Cir. 2015). Service of process is a jurisdictional requirement; therefore, courts lack jurisdiction over a defendant when the defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). In such a case, the court has no power to enter default judgment and the judgment is void. *See In re Worldwide Web Sys.*, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 (11th Cir. 1982) (reversing with directions to vacate default against party not properly served); *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-CV-1969-CEH-CPT, 2021 WL 1840769, at *4 (M.D. Fla. May 7, 2021) (denying default judgment when service of process was ineffective); *360 Exterior Sols., LLC v. 360 Bldg. Sols., LLC*, No. 8:20-CV-1582-CEH-JSS, 2022 WL 218563, at *1 (M.D. Fla. Jan. 25, 2022) (same).

Service of process is governed by Fed. R. Civ. P. 4, which allows a plaintiff to serve a limited liability company ("LLC") either by: (1) delivering the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf, Fed. R. Civ. P. 4(h)(1)(B), or (2) following the state law where the district court is located or where service is made, Fed. R. Civ. P. 4(h)(1)(A), (e)(1). In this case, Cohan's process server attests that she delivered the summons and Complaint to Maryann Broome "after confirming the Registered Agent was not present and not in compliance with the requirements of Fla. Stat. 48.091." (Doc. 8). Accordingly, it appears that Cohan attempted to serve Defendant pursuant to Florida law.

Section 48.062 governs service of process on LLCs in Florida. *See* Fla. Stat. § 48.062. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. First, subsection (1) directs plaintiffs to serve the LLC's registered agent or an employee of the registered agent. *See* Fla. Stat. § 48.062(1). If the LLC has no registered agent or if the plaintiff cannot with reasonable diligence serve the registered agent, subsection (2) allows the plaintiff to serve specified members, managers, or designated employees of the LLC. § 48.062(2)(a)–(c). If the plaintiff attempts to serve a member, manager, or designated employee and fails, he may serve a person in charge of the LLC during regular business hours. *Id.*

Regardless of the method chosen under § 48.062, the court must strictly construe the statute and ensure strict compliance with its procedures. *Florio v.*

*Success Agency LLC*, No. 17-80557-CV, 2017 WL 8897130, at *3 (S.D. Fla. Oct. 30, 2017) ("Since statutes governing service of process are to be strictly construed, § 48.062 must be strictly construed and complied with to validly serve process.") (quotation marks omitted); *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 615CV709ORL40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016) (stating that Florida law clearly demands strict compliance with the procedures in § 48.062). The plaintiff bears the burden of proving valid service of process. *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir.).

In this case, Cohan has failed to prove that he properly effectuated service under § 48.062. Subsection (1) directs plaintiffs to serve the LLC's registered agent or the registered agent's employee. § 48.062(1). Cohan's process server attests that she delivered the summons and Complaint to office manager Maryann Broome. (Doc. 8). However, Broome is not Defendant's registered agent. (Doc. 8). Nor is it clear whether Broome is an employee of the registered agent—as § 48.062(1) requires—or simply an employee of Defendant. *Walters v. Fast AC, LLC*, No. 2:19-CV-70-FTM-38MRM, 2019 WL 13023683 (M.D. Fla. Dec. 12, 2019) (finding ineffective service under § 48.062 because the plaintiff failed to explain whether the person served was an employee of the registered agent or a manager of the defendant's business). As a result, Cohan has not proven that he properly served Defendant under § 48.062(1).

Nor has he proven that he properly served Defendant under § 48.062(2). Although subsection (2) allows substituted service on a manager, member, or designated employee of the LLC, Cohan offers no proof that Broome held such a position. *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-CV-1969-CEH-CPT, 2021 WL 1840769, at *1 (M.D. Fla. May 7, 2021) (finding service invalid under § 48.062 because the plaintiff failed to explain whether the person served was one authorized to receive service under § 48.062(2)); *360 Exterior Sols., LLC v. 360 Bldg. Sols., LLC*, No. 8:20-CV-1582-CEH-JSS, 2022 WL 218563, at *1 (M.D. Fla. Jan. 25, 2022) (same). Because Cohan has not established valid service of process, the Court cannot enter final default judgment.

Based on the foregoing, it is ordered as follows:

1. Plaintiff Howard Cohan's Motion for Entry of Final Default Judgment. (Doc 12) is **DENIED.**

2. The Clerk's Entry of Default (Doc. 11) is **VACATED.**

3. No later than 30 days from the date of this Order, Plaintiff **SHALL**:

    a. File a second motion for Clerk's entry of default that demonstrates proper service, or

    b. Properly serve Defendant, file proof of service, and renew his motion for entry of Clerk's default.

- 7 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 29, 2022.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties